$400.

**PBT**

FILED
AUG 19 2015
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jonathan Langley<br>3141 N. Percy Street<br>Philadelphia, PA 19133 | CIVIL ACTION NO.: |
| And | **15    4720** |
| Sophia Adams<br>3141 N. Percy Street<br>Philadelphia, PA 19133 | |
| Plaintiffs, | |
| v. | |
| Toll Brothers, Inc.<br>250 Gibraltar Road<br>Horsham, PA 19044 | **JURY TRIAL DEMANDED** |
| And | |
| Sheree Elgart<br>d/b/a Toll Brothers, Inc.<br>250 Gibraltar Road<br>Horsham, PA 19044 | |
| Defendants. | |

## CIVIL ACTION COMPLAINT

### I.   Jurisdiction and Venue

1. Jurisdiction in this Honorable Court is based on federal question conferred by 28 U.S.C. §1331; supplemental jurisdiction over state law claims is granted by 28 USC §1367.

2. Venue lies in this district in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principal place of business, and/or does business here, and/or the property which is the subject of this action is situated within this district.



## II.   Parties

3. Plaintiffs, Jonathan Langley and Sophia Adams, are African American adult individuals residing at the above-captioned address.

4. Defendant, Sheree Elgart, is an adult individual doing business as Defendant, Toll Brothers, Inc. (hereinafter "Toll Brothers"), a corporation duly organized under the laws of the Commonwealth of Pennsylvania.

## III.   Operative Facts

5. On or about July 25, 2014, Plaintiff, Jonathan Langley went to an open house at 1 Liseter Road, Newtown Square, PA to look at a model home designed by Defendant, Toll Brothers.

6. While walking around the home, Langley was stopped by Defendant, Sheree Elgart, who questioned him about why he was attending. Elgart did not question any of the Caucasian individuals at the open house at that time.

7. On or about October 31, 2014, Plaintiffs went back to the open house located at 1 Liseter Road.

8. As soon as Plaintiffs entered the model home, they were approached by Elgart, who again questioned them as to why they were attending. At no time did Elgart approach and question any Caucasian individuals who were also in the home.

9. While Plaintiffs were in the model home, Langley took two (2) complimentary water bottles and two (2) complimentary cans of ice tea from the kitchen.

10. As Plaintiffs were walking to their vehicle parked outside the model home, Elgart approached Plaintiffs.

11. Elgart said: "time for you people to leave," "you people can't come here- it's not a supermarket," and "you are not allowed back in here."

12. After making the discriminatory comments towards Plaintiffs, Elgart retrieved her supervisor, John Doe, who accused Plaintiffs of stealing.

13. John Doe also told Plaintiffs this was not a "supermarket."

14. As a result of the aforesaid, Plaintiffs suffered severe emotional stress and embarrassment.

### IV. Causes of Action

**COUNT I**
**Fair Housing Act**
**42 U.S.C § 3604,** *et seq.*

15. Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

16. Defendants' aforesaid actions violated the Federal Fair Housing Act ("FHA"). 42 U.S.C § 3604, et seq.

17. Defendants discriminated against Plaintiffs because of their race (African American).

### V. Prayer for Relief

WHEREFORE, Plaintiffs request judgment in their favor and against Defendants, individually, jointly and/or severally, in an amount in excess of $75,000.00, including:

    a.    Compensatory, statutory, and punitive damages;

    b.    Reasonable Attorneys' fees, costs and interests; and

    c.    Such other and further relief as this Court may deem proper.


WEISBERG LAW
_____
Matthew B. Weisberg, Esq.
Chad B. Gordon, Esq.
Attorneys for Plaintiffs


AUG 19 2015